UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BEVERLY J. MCGEE,

                Plaintiff,

v.

ANDREW SAUL, Commissioner of
Social Security,

                Defendant.

DECISION & ORDER

18-CV-6663-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Beverly J. McGee ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, Nov. 15, 2019, ECF No. 16.)

## BACKGROUND

On March 29, 2017, Plaintiff filed an application for DIB and protectively applied for SSI (Record[1] ("R.") 186 & 188.) She claimed she became disabled as of April 8, 2016. (R. 186–92.) The agency denied Plaintiff's application (R. 111–14), after which Plaintiff requested a hearing before an Administrative Law Judge ("A.L.J.") (R. 128–29). The A.L.J. held a hearing on December 5, 2017, at which Plaintiff, her

---

[1] Refers to the Record of Proceedings at the Social Security Administration filed on Jan. 15, 2019, ECF No. 6.

attorney, and a vocational expert appeared. (R. 29–77.) On May 9, 2018, the A.L.J. issued a decision finding Plaintiff was not disabled under the Act. (R. 12–24.) The Appeals Council denied Plaintiff's request for review, making the A.L.J.'s decision the final decision of the Commissioner. (R. 1–6.) This timely action followed. (Compl., ECF No. 1.)

## DISCUSSION

*Standard of Review*

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the Court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

 (1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

***The A.L.J.'s Decision***

In his decision, the A.L.J. followed the required five step analysis for evaluating disability claims. (R. 12.) Under step one of the process, the A.L.J. found that Plaintiff had not engaged in substantial gainful activity since April 8, 2016. (R. 14.) At step two, the A.L.J. concluded that Plaintiff had the following severe impairments: depression; anxiety; substance abuse disorder; post-traumatic stress disorder ("PTSD"); osteoarthritis in the knees; and bone spurs in both feet. (R. 14); 20 C.F.R. §§ 404.1520(c) & 416.920(c). At step three, the A.L.J. determined that Plaintiff does not have an impairment (or combination of impairments) that meets or medically equals one of the listed impairments. (R. 15–16.) At step four, the A.L.J. concluded that Plaintiff has the Residual Functional Capacity ("RFC") to perform

light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except the claimant is limited to simple, routine tasks, can occasionally interact with coworkers and the general public; is limited to low stress work only, which he defined as involving only occasional decision-making. (R. 16.) The A.L.J. proceeded on to step five and found that while Plaintiff could not preform past relevant work, jobs existed in the national and regional economy that Plaintiff could perform. (R. 22–23.) Accordingly, the A.L.J. found that Plaintiff was not disabled. (R. 24.)

### *Plaintiff's Contentions*

Plaintiff claims that the A.L.J. did not appropriately resolve the differences between the opinion of Harbinder Toor, M.D., and the A.L.J.'s RFC determination, despite the A.L.J. purporting to give Dr. Toor's opinion great weight. (Pl's Mem. of Law at 11, Apr. 11, 2019, ECF No. 11-1.) Plaintiff claims the A.L.J. improperly evaluated opinions from Plaintiff's treating providers and misevaluated other source opinions. (*Id.*)

### *The A.L.J.'s Weighing of Dr. Toor's Treating Opinion and the A.L.J.'s RFC*

In her memorandum, Plaintiff claimed that the A.L.J. erred by failing to reconcile all of Dr. Toor's opinion with his RFC determination. (*Id.*) Specifically, Plaintiff argues that the A.L.J. reconciled the moderate limitations to fine motor activity, but he failed to reconcile the moderate limitations in standing, walking, lifting, and carrying. (*Id.*) The A.L.J. found Plaintiff could perform light work with no other physical restrictions, in contrast to Dr. Toor's opinion. (R. 19.)

Dr. Toor opined that Plaintiff had moderate limitations standing, walking, lifting, and carrying. (R. 393.) Pain would sometimes interfere with balance, and he

5

opined Plaintiff had moderate limitations doing fine motor activities with her hands. (R. 394.) Despite according great weight to this opinion, the A.L.J. found Plaintiff could perform light work with no other physical limitations. (R. 16.) The A.L.J. did reconcile some of these discrepancies, finding that the fine motor activity limitations were inconsistent with the treatment record, and the A.L.J. rejected that portion of the opinion. (R. 19–20.) The A.L.J. did not reconcile the rest of the inconsistencies between Dr. Toor's opinion and his RFC determination. (R. 19–20.)

Generally, an A.L.J. must "reconcile discrepancies between her RFC assessment and medical source statements." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006). When the RFC conflicts with a medical opinion, an A.L.J. must "explain why the opinion was not adopted." *Id.* While an "A.L.J. is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' [s]he cannot simply selectively choose evidence in the record that supports [her] conclusions." *Id.* (citing *Gecevic v. Secretary of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995)); *see Caternolo v. Astrue*, No. 6:11-CV-6601 MAT, 2013 WL 1819264, at *9 (W.D.N.Y. Apr. 29, 2013) ("It is a fundamental tenet of Social Security law that an A.L.J. cannot pick and choose only parts of a medical opinion that support his determination.") (internal quotations omitted). "Thus, when an A.L.J. adopts only portions of a medical opinion, he must explain why he rejected the remaining portions." *Dotson v. Berryhill*, No. 17-CV-129-FPG, 2018 WL 3064195, at *3 (W.D.N.Y. June 21, 2018) (citing *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (remanding when A.L.J. accepted a portion

6

of a medical source statement, but ignored the specific limitations); *see Evans v. Berryhill*, No. 16-CV-801 (MAT), 2018 WL 1377122, at *4 (W.D.N.Y. Mar. 19, 2018) (remanding when A.L.J. granted non-examining opinion great weight, but his mental RFC contradicted this opinion).

This Court has dealt with a similar case. *Palmer v. Berryhill*, No. 16-CV-822-FPG, 2018 WL 797281, at *4 (W.D.N.Y. Feb. 9, 2018). In *Palmer*, the consultative examiner opined the plaintiff had "moderate limitation bending, lifting, carrying, pushing, sitting, and standing." *Id*. at 4. The Court noted that the A.L.J. summarized the opinion and afforded it significant weight but failed to "analyze how [it] supported the RFC determination that [the plaintiff] could perform the full range of light work." *Id*. The Court then held that the A.L.J. was required to "discuss and provide reasons tending to support the finding that, despite the moderate limitations ... [the claimant] could still perform light work." *Id*. (citing *Toomey v. Colvin*, 15-CV-730-FPG, 2016 WL 3766426, at 4 (W.D.N.Y. Aug. 3, 2016) (remanding for A.L.J.'s failure to reconcile sedentary work with opinion for moderate sitting limitations)). The Court ordered remand, because "the A.L.J. did not explain how [the plaintiff] could perform light work," despite giving significant weight to the opinion citing limitations. *Id*. at *4. The A.L.J.'s decision in the case presently before the Court demonstrates the same issue: the A.L.J. has relied on the opinion of Dr. Toor, but has not explained why Plaintiff is capable of preforming light work. Therefore, the case must be remanded to address this issue.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 11) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 14) is denied. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for an expedited hearing. The Clerk of the Court will enter judgment in favor of the Plaintiff and close this case.

IT IS SO ORDERED.

/s/ Mark W. Pedersen  
MARK. W. PEDERSEN  
United States Magistrate Judge

Dated:    March 26, 2020  
            Rochester, New York